# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| 700 Pharmacy, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | No. 561 C.D. 2020 |
| | : | |
| Bureau of Workers' Compensation | : | |
| Fee Review Hearing Office (State | : | |
| Workers' Insurance Fund), | : | |
| Respondent | : | |
| | | |
| State Workers' Insurance Fund, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 616 C.D. 2020 |
| | : | Argued: April 9, 2024 |
| Bureau of Workers' Compensation Fee | : | |
| Review Hearing Office (700 Pharmacy), | : | |
| Respondent | : | |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE MATTHEW S. WOLF, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER          FILED: May 16, 2024**

In this case, 700 Pharmacy (Pharmacy) and State Workers' Insurance Fund (Insurer) cross-petition for review of the decision and order of Hearing Officer David Torrey (Hearing Officer) of the Bureau of Workers' Compensation Fee Review Hearing Office (Bureau) denying and dismissing eight fee review applications

(Applications) Pharmacy brought in connection with prescriptions it filled for a claimant.[1] Insurer argues the Hearing Officer erred in concluding Pharmacy, staffed by a pharmacist provided by an employee leasing agency, amounts to a provider as defined by Section 109 of the Workers' Compensation Act (Act),[2] 77 P.S. § 29, with standing to bring a fee review application under Section 306(f.1)(5) of the Act, 77 P.S. § 531(5). (Insurer Petition for Review ¶ 9.) Pharmacy argues the Hearing Officer erred in concluding the prescriptions forming the basis of the Applications were the product of an unlawful self-referral under Section 306(f.1)(3)(iii) of the Act, 77 P.S. § 531(3)(iii) (anti-referral provision).[3] (Pharmacy Petition for Review ¶ 8.)

---

[1] The Applications at issue involve the following prescriptions and amounts. MF-573565 involves prescriptions for Gabapentin powder, Flurbiprofen powder, Ketamine Hcl powder, Cyclobenzaprine Hcl powder, Pcca Lipoderm base, Bupivacaine Hcl powder, and menthol crystals, totaling $2,507.33. (Reproduced Record (R.R.) at 62a-67a.) MR-574599 involves Duexis 800 26.6-milligram tablets and Oxycodone-Acetaminophen 5-320 totaling $3,631.70. (*Id.* at 87a.) The remaining Applications are substantially similar in prescription and amount to MR-573565. The Hearing Officer found that the prescriptions underlying MR-573565 were for a "compound pain-killing cream . . . [e]ach element of the cream is broken out into its constituent parts." (Hearing Officer Decision, Finding of Fact ¶ 4.) Medications are listed in this footnote as they appear on the Health Insurance Claim Forms in the Reproduced Record.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of July 2, 1993, P.L. 190, 77 P.S. § 29. More specifically, Section 109 defines "provider" as "health care provider," which in turn is defined as

> any person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

*Id.* Accordingly, we use "provider" and "health care provider" interchangeably.

[3] The anti-referral provision was added by Section 8 of the Act of July 2, 1993, P.L. 190, and provides:

**(Footnote continued on next page…)**

These cross-petitions for review involve the same parties and legal issues as *700 Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (State Workers' Insurance Fund)*, \_\_\_ A.3d \_\_\_ (Pa. Cmwlth., Nos. 560 and 617 C.D. 2020, filed May 16, 2024) (*700 Pharmacy I*).[4]  In *700 Pharmacy I*, we concluded that Pharmacy has standing to request fee review but that the prescriptions underlying the applications at issue there were products of a prohibited self-referral under the anti-referral provision.  Therefore, we affirmed the Hearing Officer's denial and dismissal of those applications.

The Hearing Officer's dispositive findings of fact and conclusions of law in this matter are nearly identical to those in *700 Pharmacy I*.  First, just as in *700 Pharmacy I*, the Hearing Officer in this case found that "[the claimant's] treating pain physician, Dr. Miteswar Purewal, whose office is upstairs from [] Pharmacy, wrote or supervised the prescriptions for the medications at issue.  In an exhibit of [] Pharmacy, [Dr. Purewal] acknowledges that he has a financial interest in [] Pharmacy."  (Hearing Officer Decision, Finding of Fact (FOF) ¶ 3; *see also*

Notwithstanding any other provision of law, it is unlawful for a provider to refer a person for laboratory, physical therapy, rehabilitation, chiropractic, radiation oncology, psychometric, home infusion therapy or diagnostic imaging, goods or services pursuant to this section if the provider has a financial interest with the person or in the entity that receives the referral.  It is unlawful for a provider to enter into an arrangement or scheme such as a cross-referral arrangement, which the provider knows or should know has a principal purpose of assuring referrals by the provider to a particular entity which, if the provider directly made referrals to such entity, would be in violation of this section.  No claim for payment shall be presented by an entity to any individual, third-party payer or other entity for a service furnished pursuant to a referral prohibited under this section.

77 P.S. § 531(3)(iii).

[4] (*See* Pharmacy's Brief (Br.) at 5 n.3 (explaining that five appeals, including *700 Pharmacy I* and the instant matter, "involv[e] the same legal question and involv[e] the same parties"); *see also* Insurer's Br. at 8-9 n.1 (same).)

Reproduced Record at 276a.)  Second, the Hearing Officer also found here that Induction Works, the employee-leasing team handling billing for Pharmacy, is an agent of Pharmacy, such that Pharmacy continues to have standing to pursue the Applications.  (FOF ¶ 10.)  Because there is no relevant factual or legal difference between this case and *700 Pharmacy I*, we must conclude here, too, that Pharmacy had standing to file the Applications, and that the underlying prescriptions are the product of a prohibited self-referral, as the anti-referral provision includes pharmacies.  Accordingly, for the reasons set forth in *700 Pharmacy I*, we affirm.

**RENÉE COHN JUBELIRER,** President Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

700 Pharmacy, : CASES CONSOLIDATED
          Petitioner :
           :
          v. : No. 561 C.D. 2020
           :
Bureau of Workers' Compensation :
Fee Review Hearing Office (State :
Workers' Insurance Fund), :
          Respondent :


State Workers' Insurance Fund, :
          Petitioner :
           :
          v. : No. 616 C.D. 2020
           :
Bureau of Workers' Compensation Fee :
Review Hearing Office (700 Pharmacy), :
          Respondent :

## O R D E R

NOW, May 16, 2024, the Order of the Bureau of Workers' Compensation Fee Review Hearing Office, in the above-captioned matter, is **AFFIRMED**.


_____
**RENÉE COHN JUBELIRER,** President Judge